IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TERRY D. McINTYRE,**

        **Petitioner,**

        v.                      CASE NO. 08-3089-SAC

**DAVID McKUNE,**
**et al.,**

        **Respondents.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Petitioner was convicted by a jury in the District Court of Douglas County, Kansas, of aggravated robbery, aggravated kidnapping, rape, aggravated criminal sodomy, and kidnapping. He was sentenced to 645 months in prison on January 12, 2001. He appealed to the Kansas Court of Appeals, which affirmed on April 26, 2002. A Petition for Review was denied by the Kansas Supreme Court on May 21, 2002.

On September 9, 2002, petitioner filed a motion under K.S.A. § 60-1507 in the trial court, which was denied on May 3, 2005. On-line records of the Kansas Appellate Courts (Case No. 94786) indicate the appeal of a 1507 action filed in 2005 by Mr. McIntyre and that the denial of his 1507 motion was affirmed by the KCOA on May 4, 2007. A Petition for Review was denied on October 1, 2007.

On November 19, 2007, petitioner filed a petition for writ of habeas corpus directly in the Kansas Supreme Court, which was denied on February 12, 2008.

Petitioner seeks to attack his conviction on numerous grounds, most asserting ineffective assistance of trial and appellate

counsel. It appears state court remedies have been exhausted, and that the Petition is timely. Petitioner has paid the filing fee. Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

The court concludes a response to the Petition is required.

**IT IS THEREFORE ORDERED THAT**:

1. Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2. The response should present:

   (a) the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and

   (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. Respondents shall cause to be forwarded to this court for examination and review the following:

> the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such

state court records and transcripts.

    4.   The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

    5.   The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2008, at Topeka, Kansas.

                                    s/Sam A. Crow
                                    U. S. Senior District Judge