IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY D. McINTYRE,

        Petitioner,

v.                         CASE NO. 08-3089-SAC

DAVID McKUNE, et al.,

        Respondents.

## O R D E R

This habeas corpus petition, 28 U.S.C. § 2254, was denied by Memorandum and Order entered February 18, 2011. The matter is before the court upon petitioner's Motion for Reconsideration (Doc. 18) filed on March 2, 2011; his Supplement to Motion (Doc. 19) filed on March 8, 2011; and his Motion to Compel (Doc. 20) filed on May 16, 2011. Having considered these filings, the court denies the motions.

Mr. McIntyre does not specify the authority under which he brings these motions. The Tenth Circuit Court of Appeals has discussed "self-styled" motions to reconsider:

> A "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, Clough v. Rush, 959 F.2d 182, 186 n. 4 (10th Cir. 1992), may be construed in one of two ways: if filed within (28)[1] days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than (28) days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)."

Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002).[2]

---

[1] Since this opinion, the time period for filing a Rule 59(e) motion was amended from 10 days to 28 days.

[2] The distinction is significant because a Rule 59(e) motion tolls the thirty-day period for appeal while a Rule 60(b) motion does not. Thus, an appeal from the denial of a motion to reconsider construed as a Rule 59(e) motion permits consideration of the merits of the underlying judgment, while an appeal from the

Accordingly, the court construes petitioner's Motion for Reconsideration and Supplement to Motion as filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

The Tenth Circuit has also explained that the district court must undertake another analysis when construing a motion to reconsider in the context of federal habeas corpus cases. See Spitznas v. Boone, 464 F.3d 1213 (10th Cir. 2006)(considering whether a Rule 60(b) motion was actually a second or successive § 2254 motion); see also United States v. Pedraza, 466 F.3d 932, 933 (10th Cir. 2006)(explaining that "Spitznas involved the interplay between § 2254 and Rule 60(b)" and that "Rule 59(e) motions are subject to the same characterization" as Rule 60(b) motions that should be construed as second or successive habeas petitions). This analysis is necessary because of the statutory bar to "relitigation of claims presented in a prior (habeas) application, § 2244(b)(1)," as well as "litigation of claims not presented in a prior application, § 2244(b)(2)" where such claims were previously available. Calderon v. Thompson, 523 U.S. 538, 553 (1998); see also Winestock, 340 F.3d 200, 204 (4th Cir. 2003); Alley v. Bell, 101 F.Supp.2d 588, 669 (W.D. Tenn. 2000), aff'd, 307 F.3d 380 (6th Cir. 2002)(Where a Rule 59(e) motion reiterates claims previously rejected, it falls within the category of cases proscribed by the successive petition doctrine.). Motions to reconsider cannot be used to circumvent the strict requirements for filing a second or successive § 2254 application. See United States v. Sternberg, 5

---

denial of a Rule 60(b) motion does not.

2

Fed.Appx. 806, 808 (10th Cir. 2001)(unpublished);[3] Lopez v. Douglas, 141 F.3d 974, 975-76 (10th Cir.)(per curiam), cert. denied, 525 U.S. 1024 (1998)(holding that petitioner's Rule 60(b)(6) motion was an implied application under 28 U.S.C. § 2244(b)(3)(A) for leave to file a second § 2254 petition in the district court). Under this analysis, the Tenth Circuit perceives of "no distinction" between Rule 60(b) motions and Rule 59(e) motions that attempt to raise new or relitigate already determined habeas claims. U.S. v. Bovie, 28 Fed.Appx. 734, 735 (10th Cir. 2001)(unpublished); Ward v. Norris, 577 F.3d 925, 935 (8th Cir. 2009)("Ward's Rule 60(b) and Rule 59 motions were improper because they were not based on a procedural defect, but rather attacked previous habeas counsel's omissions and asked for a second opportunity to have the merits determined favorably.")(citing Gonzales, 545 U.S. at 532 n. 2); United States v. Martin, 132 Fed.Appx. 450, 451 (4th Cir. 2005)(per curiam)(unpublished)(Defendant's "self-styled motion under Rule 59(e) is, in substance, a second motion attacking his conviction and sentence under 28 U.S.C. § 2255."); see generally Ochoa v. Sirmons, 485 F.3d 538, 540 (10th Cir. 2007)(describing Pedraza as "holding post-judgment effort to raise new claim by motion under Rule 59(e) is likewise equivalent of second or successive petition under § 2244(b).); but cf., Curry v. U.S., 307 F.3d 664, 665-66 (7th Cir. 2002)(and cases cited therein)(The court assumes that because a Rule 59(e) motion is not an effort to set aside a judgment that has become final, it is not subject to the second and successive statutory limitations of 28 U.S.C. § 2244 that apply to Rule 60(b)

---

[3] Unpublished opinions are not cited herein as binding precedent but for persuasive value. See Fed.R.App.P. 32.1 and 10th Cir.R. 32.1.

motions.).  The court must therefore distinguish between Rule 59(e) motions and second or successive habeas petitions that "merely masquerade" as Rule 59(e) motions.  See Clemmons v. Davies, 198 Fed.Appx. 763 (10th Cir. 2006)(unpublished)(citing Spitznas, 464 F.3d at 1213).

A Rule 59(e) motion is a second or successive application "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."  With respect to petitioner's allegations that are second and successive, this court simply has no jurisdiction to hear them unless the applicant has first sought and obtained authorization from the Tenth Circuit Court of Appeals to file a second successive petition.  The court may determine whether or not to exercise its discretion to transfer such allegations to the Tenth Circuit for authorization of a second or successive petition or dismiss them for lack of jurisdiction. See In re: Cline, 531 F.3d 1249 (10th Cir. 2008).

A motion to reconsider is a "true" Rule 59(e) motion "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition."  See Spitzas, 464 F.3d at 1216 (citing Gonzalez v. Crosby, 545 U.S. 524 (2005)).  The court must rule on a true motion as it would any other Rule 59(e) motion.  And, if the post-judgment motion is "mixed", that is a motion that contains both true Rule 59(e) allegations and second or successive habeas claims, the district court must (1) address the merits of the true Rule 59(e)

4

allegations, and (2) treat the other claims as second or successive. Spitznas, 464 F.3d at 1217.

Here, the court is faced with a "mixed" motion. Upon careful consideration of petitioner's motions together with relevant portions of the case file, the Court concludes that Mr. McIntyre fails to demonstrate that this court should alter or amend the order and judgment entered herein.

**DISCUSSION**

A. Reconsideration concerning original claims

In his motions, petitioner improperly purports to simply "incorporate" his entire Traverse and "habeas Corpus statement of facts," which amount to 90 pages that were already thoroughly addressed by this court. If this court is being asked to reconsider all the claims and arguments in these prior pleadings, this part of the motion is clearly a second and successive application for habeas corpus relief. In any event, this blanket incorporation of petitioner's prior pleadings is also not a sufficient statement of any grounds that might entitle petitioner to relief from judgment under Rule 59(e).

Petitioner specifically refers to his claims of ineffective assistance of trial counsel. His allegations immediately following this initial reference make little sense. His statements that the district court erred in "denying defendant his right to issue a subpoena duces tecum and to examine the medical records of the agent" and erred "in imposing restrictions on discovery information about the agent under 22-3212," appear to summarize the holding of a cited Kansas case only. Mr. McIntyre does not allege sufficient

5

relevant facts from his own case.  In any event, he was already advised that claims based on state law are not grounds for federal habeas corpus relief.

Petitioner repeats his conclusory, self-serving statements that "the DNA agent was the sole evidence to connect defendant with the alleged crimes" and that the credibility of the absent agent was a material issue.[4]  These allegations are habeas corpus claims, and as such are second and successive subject to the preauthorization requirement.

Petitioner alleges that he has a "statutory right to competent counsel on post-conviction appeal" and it is not the province of a federal habeas court to re-examine a state court determination of state law.  This is another habeas claim that is second and successive,[5] as well as without merit.

Petitioner cites case law "where the state courts plainly misapprehend or misstate the record in making findings . . ."  He then alleges that the state court fact-finding process is undermined where the state court ignores evidence before it.  Finally, he states that the undersigned judge "adopted the same process as the state fact-finding."  Petitioner's allegations regarding the state court's fact finding are either predetermined or new habeas corpus claims that are subject to the threshold preauthorization

---

[4] This court previously rejected both assertions.  The DNA evidence presented at trial was not the sole evidence to connect Mr. McIntyre with the crimes.  If by "the absent agent" petitioner means the DNA analyst who operated the computer program that produced the tables, which were analyzed by the DNA expert that testified at trial, no facts were ever presented to challenge her credibility or that of the expert trial witness.

[5] Petitioner's implication that this court's holding that he had no federal constitutional right to counsel in state post-conviction proceedings was erroneous may be more akin to a true Rule 59(e) claim.  However, he is mistaken under current Supreme Court precedent previously cited by the court.

requirement.[6]

In his Supplemental Motion, petitioner argues that it was "manifestly unfair for the district court to deny entire 1507 based on DNA results." Again, this is a repetitive habeas corpus claim, that was already considered and rejected by this court.[7]

Petitioner makes no showing that he sought and obtained preauthorization from the Circuit Court of Appeals to file a second and successive application in this court.[8] As a consequence, this court lacks jurisdiction to hear either his new or previously adjudicated habeas claims. The court further finds that it would not be in the interest of justice for this court to transfer this motion to the Tenth Circuit for consideration of preauthorization.

The court believes that it could simply deny these portions of petitioner's motion "as beyond the scope of" Rule 59(e). See Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004); Gitten v. United States, 311 F.3d 529, 534 (2d Cir. 2002))("There is no practical distinction of which the Court is aware between declining to transfer a second or successive Section 2255 petition that is

---

[6] Petitioner's suggestion that this court adopted the allegedly improper fact finding process of the State may be more akin to a true 59(e) motion. However, no supporting facts are alleged to establish petitioner's entitlement to relief from judgment on this basis.

[7] To any extent that Mr. McIntyre may be attempting to bring a new claim, it would require a new § 2254 motion, which Mr. McIntyre could not file without first obtaining permission from the Circuit Court. See 28 U.S.C. § 2244(b)(3).

[8] In order to obtain authorization to file a second § 2254 motion in the district court, Mr. McIntyre must make the showing required by 28 U.S.C. § 2244(b)(2)(A) or (B)(i) or (ii). Specifically, he must show (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) that "the factual predicate for the claim could not have been discovered previously through the use of due diligence" or that the facts underlying the claim, if proven, would be "sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Id. This showing must be made to the Tenth Circuit, not this court.

contained within a Rule 60(b) motion to the appellate court and denying the motion as outside the scope of Rule 60(b), and for whatever purposes such a distinction might be relevant, this order should be construed as resting on both grounds."); Schwamborn v. U.S., 507 F.Supp.2d 229, 242 n. 22 (E.D.N.Y. 2007).

B. Reconsideration concerning true 59(e) claims

As to petitioner's "true" Rule 59(e) motion claims, the court applies the following standards. The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." See Osterneck v. Ernst and Whinney, 489 U.S. 169, 174 (1988). A motion to alter or amend is appropriately used to challenge the correctness of a court's judgment by arguing that the district court has misapprehended the facts, a party's position, or the controlling law. See Van Skiver v. U.S., 952 F.2d 1241, 43-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992); Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009)(quoting Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). The three main grounds for reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See id. Rule 59(e) relief is not warranted where a party simply reiterates arguments previously considered and rejected in the underlying ruling. See e.g., Mincey v. Head, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000)(explaining that "[t]he function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters"); In re Worlds of Wonder

Securities Litigation, 814 F.Supp. 850, 874 (N.D. Cal. 1993)(Rule 59(e) motion "is not the proper vehicle for revisiting issues that were decided" or for "recapitulation of the cases and arguments considered by the court before rendering its original decision."). The Tenth Circuit has specifically held that arguments challenging the district court's failure to rule on certain issues are "true" arguments and not second or successive habeas petitions. See Spitznas, 464 F.3d 1213, 1225 (10th Cir. 2006); Peach v. United States, 468 F.3d 1269, 1271 (10th Cir. 2006). The party seeking relief from judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. Van Skiver, 952 F.2d at 1243-44.

Petitioner makes bald statements in his motions, for example, "new evidence previously unavailable." These statements are not accompanied by any factual basis or legal argument to establish his entitlement to relief from judgment. Petitioner does not describe any new evidence or cite to a change in the controlling law. Instead, he appears to be claiming manifest injustice or the need to correct clear error.

In its Memorandum and Order dismissing this action, the court found that many of petitioner's claims were procedurally defaulted including his claims of ineffective assistance of trial and appellate counsel. In his first Motion to Reconsider, petitioner argues that he "can overcome" procedural default by persuading the court that trial and appellate counsel were ineffective in failing to raise claims at trial and on direct appeal. In his Supplemental Motion, petitioner mainly challenges this court's holdings that his claims of ineffective assistance of counsel were procedurally

9

defaulted in state court. Petitioner's challenges to this court's findings of procedural default that precluded a merits determination are "true" Rule 59(e) claims. <u>Gonzales</u>, 545 U.S. at 532 n. 4.

Petitioner contends that this court erroneously found that these claims were not fully and properly presented to the Kansas Supreme Court on either direct or collateral appeal and that the court misapprehended "the facts of his federal habeas petition." In support, he again refers to the "Original Habeas Corpus" he filed in the Kansas Supreme Court pursuant to Kansas Supreme Court Rule 9.01(a). In his Traverse at pages 12-14, petitioner stated that the claim raised in this original state action was ineffective assistance of appellate post-conviction counsel, and argued that he had established before the state courts that this was cause for the default of his other claims. As petitioner was informed in the court's prior Memorandum and Order:

> ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim . . . [and] . . . generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.

<u>Edwards v. Carpenter</u>, 529 U.S. 446, 451-52 (2000)(internal quotation marks omitted).

Elsewhere in his motions, Mr. McIntyre similarly argues that the Kansas Supreme Court's decision was on the merits of his claim of ineffective assistance of appellate post-conviction counsel and that it also "constituted a finding on the merits of (his) otherwise arguably defaulted claims." This court found from the record before it that petitioner had presented the former claim only, and had not included any of the grounds upon which his claims of ineffective

assistance of trial and appellate counsel were based to the Kansas Supreme Court. Petitioner does not convince the court that this finding was erroneous either factually or legally.[9] Accordingly, the court concludes that Mr. McIntyre has not established his entitlement to relief from judgment on this basis.

---

[9] The Tenth Circuit clearly reasoned in <u>Bloom v. McKune</u>, 130 Fed.Appx. 229, 232-33 (10th Cir. 2005)(unpublished):

> An applicant must exhaust state-court remedies prior to seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). To satisfy this requirement, an applicant "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). This includes discretionary review by the state supreme court. Id. Moreover, the presentation must conform to state rules regulating how such claims are to be presented. "Section 2254(c) requires only that state prisoners give state courts a fair opportunity to act on their claims. See Castille v. Peoples [489 U.S. 346,] at 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 [1989]." Id. at 844. In Castille the Court found that the claim was not exhausted when it was presented only in a procedural context in which it would not ordinarily be considered. Castille, 489 U.S. at 351. "Raising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation.' See Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944) (application to Nebraska Supreme Court for original writ of habeas corpus does not exhaust state remedies)." Id. The applicant bears the burden of establishing proper exhaustion. Olson v. McKune, 9 F.3d 95 (10th Cir.1993).
>
> Applicant presented some of his claims to the trial court in the form of post-trial (but not post-sentencing) motions that were denied at the sentencing hearing. But he did not pursue the claims in his direct appeal, thus failing to properly exhaust them in the direct-appeal process.
>
> He also raised some of the same claims in two habeas petitions filed directly with the Kansas Supreme Court after he was sentenced and imprisoned. But directly petitioning the Supreme Court did not comply with the procedural requirements of Kansas law. Kansas Statute Annotated § 60-1507 (2003) provides the exclusive remedy for post-conviction relief (except for certain sentencing issues, see Kan. Stat. Ann. § 22-3504) when a prisoner is in custody under a sentence, see Smith v. State, 199 Kan. 132, 427 P.2d 625, 627 (1967), and a petition under that section must be filed in the sentencing court. § 60-1507(a). Applicant makes no claim, much less a showing, that he complied with this requirement by filing for relief in the sentencing court-which is likely why the Kansas Supreme Court summarily dismissed both his habeas petitions. Thus, Applicant's presentation of claims in his habeas petitions to the Kansas Supreme Court did not give Kansas courts a fair opportunity to act, and his claims were not properly exhausted. See Castille, 489 U.S. at 351.

<u>Id.</u>

Furthermore, this court also found in its prior Memorandum and Order that if it were to consider petitioner's claims of ineffective assistance of trial and appellate counsel on the merits, they would be found to have no merit.

In short, petitioner merely restates his claims of ineffective assistance of counsel and erroneous or insufficient findings by the state courts. The reasons for this court's dismissal under the applicable habeas corpus standards were fully explained in its Memorandum and Order denying this petition. Mr. McIntyre's disagreement with the findings and rulings of this court fail to demonstrate his entitlement to relief under Rule 59(e) as he has not shown any manifest error. See Committee for First Amendment v. Campbell, 962 F.2d 1517, 1523 (10th Cir. 1992)(purpose of Rule 59(e) is to correct manifest errors of law).

C. Motion to Compel

Petitioner's Motion to Compel seeks a ruling on his two prior pending motions, and is now denied as moot. This motion improperly also contains additional allegations that might be liberally construed as asserting grounds for relief from judgment. This motion was not filed within 28 days of the judgment entered herein. Consequently, any grounds for relief from judgment raised in this motion would only be considered under Fed.R.Civ.P. Rule 60(b). To the extent that any additional allegations in this pleading are habeas corpus claims, they are second and successive and subject to the preauthorization prerequisite, and thus are inappropriate for consideration by this court in a Rule 60(b) motion. To the extent petitioner is claiming that this court overlooked facts and evidence

that supported his claims, he does not provide factual allegations or legal arguments that show he is entitled to relief from judgment under any of the grounds set forth in Rule 60(b).

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Reconsideration (Doc. 18) and Supplemental Motion for Reconsideration (Doc. 19) are treated as motions under Fed.R.Civ.P. 59(e) and denied.

**IT IS FURTHER ORDERED** that petitioner's Motion to Compel (Doc. 20) is denied as moot, and that any additional claims for relief from judgment contained therein are construed as a motion under Rule 60(b) and denied.

**IT IS SO ORDERED**.

Dated this 14th day of July, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge